```
             IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                          CHARLESTON
```

**PAULA JANE NELSON,**

      **Petitioner,**

**v.**                                    **Case No. 2:07-cv-00192**

**SCOTT PATTERSON, Warden,**
**Anthony Correctional Center,**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

This is an action for habeas corpus relief, filed pursuant to the provisions of 28 U.S.C. § 2254. <u>Pro</u> <u>se</u> Petitioner, Paula Jane Nelson, is incarcerated at the Anthony Correctional Center, in White Sulphur Springs, West Virginia. This case is assigned to the Honorable Joseph R. Goodwin, and it is referred to the undersigned United States Magistrate Judge by Standing Order to consider the pleadings and evidence, and to submit proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court must promptly examine the petition, and "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge may dismiss the petition and direct the clerk to notify the petitioner."

**ANALYSIS**

In her federal petition, Petitioner asserts three grounds for relief. She contends that her guilty plea was unlawfully induced and involuntary, that her conviction was obtained through a coerced confession, and that she was denied the effective assistance of counsel. (# 2 at 4-5).

Section 2254(b)(1)(A) of Title 28 states that a petition for a writ of habeas corpus filed in a federal district court by a prisoner in state custody shall not be granted unless it appears that the applicant has exhausted the remedies available in the state courts, or if the state has waived the exhaustion requirement. 28 U.S.C. §§ 2254(b)(1)(A), (b)(3).[1] The petitioner bears the burden of proving exhaustion. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998); Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Where a petitioner has failed to exhaust his state court remedies, the federal petition should be dismissed. McDaniel v. Holland, 631 F. Supp. 1544, 1545 (S.D.W. Va. 1986)(citing Preiser v. Rodriguez, 411 U.S. 475, 477 (1973)).

In West Virginia, prisoners may exhaust their available state remedies either by stating cognizable federal constitutional claims in a direct appeal, or by stating such claims in a petition for a

---

[1] The court notes that, in certain circumstances, an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust state remedies. See 28 U.S.C. § 2254(b)(2). However, the court finds that such circumstances are not present in the instant case.

writ of habeas corpus in a state circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling to the SCAWV. Moore v. Kirby, 879 F. Supp. 592, 593 (S.D.W. Va. 1995); McDaniel v. Holland, 631 F. Supp. at 1545.

Upon review of Petitioner's federal petition, it appears that Petitioner has not properly exhausted her state court remedies concerning the claims raised in her federal petition. According to the petition, Petitioner has not filed any state court habeas corpus petitions. Furthermore, the petition does not identify the claims asserted in Petitioner's direct appeal. Thus, the court cannot determine if the substance of the claims stated in Petitioner's federal petition have been fairly presented to the state appellate court. See George v. Angeleone, 100 F.3d 353, 362 (4th Cir. 1996)(To satisfy the presentation requirement, a petitioner must present "the substance of [the] claims" during state proceedings); accord Matthews, 105 F.3d at 911.

Moreover, it appears that Petitioner's federal petition is untimely under 28 U.S.C. § 2244(d)(1). On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), 28 U.S.C. § 2244. The AEDPA provides, in pertinent part, that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The

3

> limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . .

28 U.S.C. § 2244(d)(1)(A).  Section 2244(d)(2) further provides as follows:

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

According to the docket of the Supreme Court of Appeals of West Virginia, Petitioner's petition for appeal from her conviction for second degree murder was refused on February 7, 2002. Therefore, Petitioner's judgment became final on or about May 7, 2002, when the time period for filing a petition for a writ of certiorari in the United States Supreme Court expired.  As it appears that Petitioner has not filed any habeas corpus petitions in the state courts, the one-year period for filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 expired on or about May 7, 2003 and, thus, the present petition is untimely.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner has failed to exhaust her state court remedies as to each of the claims raised in her federal petition, as required by 28 U.S.C. § 2254(b)(1)(A), and that the present petition is untimely under 28 U.S.C. § 2244(d)(1). Therefore, it is respectfully **RECOMMENDED** that the presiding

District Judge **DISMISS** the petition as being untimely and for failure to exhaust state court remedies.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have ten days (filing of objections), and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on Judge Goodwin and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner and counsel of record.

<pre>
    March 29, 2007                    /s/ Mary E. Stanley
        Date                          Mary E. Stanley
                                      United States Magistrate Judge
</pre>